Jyoti Mittal, Bar No. 288084
jmittal@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
Telephone:   310.553.0308
Facsimile:   800.715.1330

Samuel A. Richman, Bar No. 316443
sarichman@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
Telephone:   213.443.4300
Facsimile:   800.715.1330

Attorneys For Defendant
SHIPBOB, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FLORES, individually, on behalf of all others similarly situated, and on behalf of the State of California and other aggrieved persons,<br><br>         Plaintiff,<br><br>     v.<br><br>LGS STAFFING LLC, a limited liability company; JOBANDTALENT HIRINGS LLC, a limited liability company; SHIPBOB, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Trial Date:   None Set<br>Complaint Filed: June 30, 2025<br>Riverside Count Superior Court Case No. CVRI2503565 |

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ANTHONY FLORES:**

**PLEASE TAKE NOTICE** that Defendant SHIPBOB, INC. ("Defendant" or "ShipBob") by and through its undersigned counsel, contemporaneously with the filing of this Notice, hereby effects removal of the above-entitled action, Case No. CVRI2503565, from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California.

This action is removed pursuant to the procedures found in 28 U.S.C. §§ 1441 and 1446, and 1332(d) (Class Action Fairness Act of 2005). Pursuant to 28 U.S.C. § 1446(d), Defendant will also file a copy of this Notice of Removal with the Riverside County Superior Court.

## I.   STATEMENT OF JURISDICTION

### A.   Jurisdiction Exists Pursuant to the Class Action Fairness Act of 2005

This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action:  (a) that is a class action with a putative class of more than a hundred (100) members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of the CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.   PLEADINGS, PROCESS, AND ORDERS

The docket for this matter in the Superior Court of the State of California, County of Riverside indicates that on or about June 30, 2025, Plaintiff Anthony Flores ("Plaintiff") filed a Class Action Complaint against Defendant in Riverside County Superior Court, titled: *Anthony Flores, individually, and on behalf of all others similarly situated, and on behalf of the State of California and other aggrieved persons v. LGS Staffing, LLC, a*

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

1

*limited liability company; JobandTalent Hirings, LLC, a limited liability company; ShipBob, Inc., a Delaware corporation; and Does 1-10, inclusive,* bearing Case No. CVRI2503565 (the "Complaint"). The Complaint asserts the following ten causes of action: (1) Failure to Pay Minimum and Straight Time Wages (Lab. Code §§ 204, 1194, 1194.2, and 1197); (2) Failure to Pay Overtime Wages (Lab. Code 510, 1194, and 1198); (3) Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512); (4) Failure to Authorize and Permit Rest Breaks (Lab. Code § 226.7);  (5) Failure to Provide Accurate Itemized Wage Statements (Lab. Code § 226); (6) Failure to Timely Pay All Wages Due Upon Separation of Employment (Lab. Code §§ 201-203); (7) Failure to Pay Timely Wages During Employment (Lab. Code § 204); (8) Failure to Indemnify Employees for Expenditures (Cal. Lab. Code § 2802); (9) Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq*.); and (10) Civil Penalties Under PAGA (Cal. Lab. Code § 2699, *et seq*.). (Declaration of Samual Richman ["Richman Decl."] In Support of Defendant's Notice of Removal, ¶ 2.)  The Superior Court of the State of California, County of Riverside docket for this matter also indicates that on the same day Plaintiff filed a Complaint, Certificate of Counsel, Civil Case Cover Sheet and Summons. (*Id.*.)  A true and correct copy of the Complaint, Civil Case Cover Sheet, Summons, and Certificate of Counsel are collectively attached as **Exhibit A** to the Richman Declaration.

On or about July 18, 2025, the Riverside County Superior Court issued Notices of Case Management Conference (Richman Decl., ¶ 3; **Exh. B**) and Notice of Department Assignment (*Id.*, **Exh. C**). On July 31, 2025, the Riverside Superior Court issued a Class Action Case Management Order #1 (*Id.*, **Exh. D**) and Minute Order regarding the same (*Id.*, **Exh. E**). On August 8, 2025, the Riverside Superior Court issued a Certificate of Electronic Service on Complaint. (*Id.*, **Exh. F**).

On August 18, 2025, Defendant was served with a Civil Case Cover Sheet, Summons, Complaint, and Notice of Certificate of Assignment. (*Id.*, ¶ 4.)  The same day, the Superior Court of the State of California, County of Riverside's Docket in this matter indicates that Plaintiff filed Proofs of Service of the Civil Case Cover Sheet, Summons,

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

2

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Complaint, and Notice of Certificate of Assignment. on Defendant. (*Id.*) The Proofs of Service are attached to the Richman Declaration as **Exhibit G**.

On September 9, 2025, Plaintiff submitted a Case Management Conference Statement. (*Id.*, ¶ 5; **Exh. H**.) And the same day, the Court continued its Case Management Conference to October 23, 2025. (*Id.*, **Exh. I** [Minute Order], **Exh. J** [Clerk's Certificate of Electronic Service]).

On September 30, 2025, Defendant timely filed its Answer to Plaintiff's Complaint in the Superior Court of the State of California, County of Riverside. (*Id.*, ¶ 6.) A true and correct copy of Defendant's Answer with General Denial and Affirmative Defenses is attached to the Richman Declaration as **Exhibit K**. On October 16, 2025, Plaintiff served Defendant with a Case Management Conference Statement. (*Id.*, ¶ 7.) A true and correct copy of Plaintiff's Case Management Conference Statement is attached herein as **Exhibit L**.

**Exhibits A - L** accompanying the Richman Declaration constitute all process, pleadings, and orders served on Defendant, or filed with or without notice to Defendant, or received by Defendant, in this action. (*Id.*, ¶ 8.) To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of the State of California, County of Riverside, or served by any party. (*Id.*)

## III.   VENUE IS PROPER IN THIS DISTRICT

This action was filed in the Superior Court for the State of California, County of Riverside. Venue properly lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 84(b), 1391, 1441, and 1446.

## IV.   THE REMOVAL IS TIMELY

This Notice of Removal is timely. 28 U.S.C. § 1446(b) provides two 30-day windows for removing a case. Section 1446(b)(1) specifies that a defendant must remove "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). If, however, "the case stated by the initial pleading is

3

not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In addition, the Ninth Circuit has held that a defendant may remove "when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1123 (9th Cir. 2013). Thus, the two 30-day periods set forth in section 1446(b) are not the exclusive periods for removal. *Id.* at 1125 ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines."). In short, a case "may be removed at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered." *Id.* at 1126; *see also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable," a defendant, in effect, "may remove at any time.").

To trigger the 30-day removal periods under § 1446(b)(1), the grounds for removal must be evident from the face of the pleadings. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). That is, the determination of removability is based on the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id*. If it is unclear from the complaint whether the case is removable, the pleadings are considered "indeterminate," and the 30-day removal window is not triggered. *Id*. at 693. A "defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability." *Roth*, *supra*, 720 F.3d at 1125. "Even the simplest of inquiries is not required....[D]efendants are not charged with any investigation, not even into their own records." *Stiren v. Lowes Home Centers, LLC*, No. 819CV00157JLSKES, 2019 WL 1958511, at *3 (C.D. Cal. May 2, 2019). Accordingly, "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

4

investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth, supra*, 720 F.3d at 1125; *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018).

When a case is not removable from the face of the complaint, the Ninth Circuit has held that a defendant may remove "when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1123 (9th Cir. 2013). Thus, the two 30-day periods set forth in section 1446(b) *are not* the exclusive periods for removal. *Id.* at 1125 ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines."). In short, a CAFA case "may be removed at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered." *Roth, supra*, 720 F.3d at 1126. *See also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable," a defendant, in effect, "may remove at any time.").

Here, Plaintiff's Complaint is clearly indeterminate. It does not state the specific number of people in the class, does not specify anyone's rates of pay, does not provide any substantive facts regarding the basis for Plaintiff's claims, does not state the amount in controversy, and does not specify the amount of claimed damages. *See, e.g.*, *Jian-Ming Zhao v. RelayRides, Inc.,* No. 17-CV-04099-JCS, 2017 WL 6336082, at *12 (N.D. Cal. Dec. 12, 2017) (plaintiff's complaint "did not reveal on its face that the action was removable under CAFA" where it "contained no specific allegations regarding the size of the two proposed classes (including whether there were more than 100 class members), or the amount of either [the plaintiff's] damages or the damages of the class as a whole"); *Trahan v. U.S. Bank Nat'l Ass'n*, No. C 09-03111 JSW, 2014 WL 116606, at *4 (N.D. Cal. Jan. 13, 2014) (documents were indeterminate and did not trigger 30-day removal deadline where they "did not expressly state that the amount in controversy would exceed $5,000,000…and did not make any specific assertions about the amount of damages that

might be available to the class or the value of injunctive relief"). Nor has Defendant received any other "pleading, motion, order or other paper" in this matter that revealed on its face that this matter was removable under CAFA. Defendant remained free to conduct its own investigation and remove at any time once it learned that the elements of CAFA removal were met.  Therefore, this removal is timely.

## V.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record. (Richman Decl., ¶ 9.)  In addition, a copy of Defendant's Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, Riverside. (*Id*.)

## VI.   CAFA JURISDICTION

CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds \$5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal and is timely and properly removed by the filing of this Notice of Removal.

### A.    Plaintiff Filed A Class Action Under State Law

Plaintiff filed his action as a class action based on alleged violations of California state law. (Richman Decl., 2, **Exh. A**, Complaint, Prayer for Relief.)

### B.    The Proposed Class Contains More Than 100 Members

28 U.S.C. § 1332(d)(5)(B) states that the provisions of the CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

Plaintiff filed this action on behalf of "all other persons who have been employed by

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

6

Defendants in California as an hourly-paid or non-exempt employee during the statute of limitations period applicable to the claims pleaded here." (Richman Decl., **Exh. A**, Complaint, ¶ 13.)

Based on a review of Defendant's records, Defendant employed at least approximately 254 non-exempt employees who worked in California from June 30, 2021, through approximately August 30, 2025. (Declaration of Richard Rabuck in Support of Defendant's Removal of Civil Case to Federal Court "Rabuck Decl."), ¶ 6.) Accordingly, Defendant's internal records demonstrate that there are well over 100 putative class members in this case.

## C.     Defendant Is Not A Governmental Entity

Under 28 U.S.C. § 1332(d)(5)(A), the CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

Defendant is a corporation, not a state, state official, or other government entity exempt from CAFA. (Rabuck Decl., ¶ 2.)

## D.     There Is Diversity Between At Least One Class Member And One Defendant

CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

### 1.     Plaintiff Is A Citizen Of California

For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain).

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

7

At the time of the filing of this action, Plaintiff was a resident and citizen of the State of California. Plaintiff specifically alleges he "is a California resident who worked for…Defendant ShipBob, Inc. [] in California as a non-exempt employee paid hourly from October 2024 through January 2025." (Richman Decl., **Exh. A**, Complaint, ¶ 1); *see Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto, Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons,* No. 105-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides "prima facie" case of domicile). Defendant has thus established by a preponderance of the evidence that Plaintiff resides and is domiciled in California, and is thus, a citizen of California. *Lew*, 797 F.2d at 751; *Smith*, 2008 WL 744709, at *7-8.

### 2.      Defendant Is Not A Citizen Of California

Defendant ShipBob is not a citizen of the State of California. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control, and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters." *Id*. at 80.

Under both criteria (incorporation or principal place of business), Defendant is citizen of other states and not of the State of California. First, Defendant was at the time this action was filed, and continuing through the time of this removal, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Illinois. (Rabuck Decl., ¶ 3.)  Accordingly, Defendant is not a citizen of the

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

State of California for purposes of this Court's diversity jurisdiction.

The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

Accordingly, the named Plaintiff is a citizen of a state different from all relevant defendants, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### 3.  The Amount In Controversy Exceeds $5,000,000

This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014), recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." The defendant's "amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 553.

Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. The alleged damages calculations contained herein are for purposes of removal only. Defendant denies that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserve the right to challenge Plaintiff's alleged damages in this case. *Ibarra v. Manheim Inv., Inc.* 775 F. 3d 1193, 1198

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

9

n. 1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy). For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establish, by a preponderance of evidence, that the amount in controversy well exceeds the jurisdiction minimum of $5,000,000. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (the "amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [D]efendant's liability); *see also Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. Cal. 2013) (a defendant "may remove when it discovers, based on its own investigation, that a case is removable.").

For purposes of determining whether a defendant has satisfied the amount in controversy requirement, the Court must presume that the plaintiff will prevail on their claims. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. In that sense, the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover. An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be less than the requisite amount …") The ultimate inquiry is what amount is put "in controversy" by a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Inv., Inc.* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy); *Arias*, 936 F.3d at 927 (finding defendant may rely on assumptions in its chain of reasoning, so long as they have "some reasonable ground underlying them.") (quotation and citation omitted).

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

10

Here, Plaintiff does not expressly allege the amount in controversy in the Complaint. Pursuant to the Complaint, Plaintiff seeks to recover damages, penalties, interest, and attorney's fees and costs for alleged failure to pay minimum and overtime wages, failure to provide meal periods and rest breaks, failure to reimburse business expenses, failure to provide accurate wage statements, failure timely pay all wages due upon separation of employment, failure to pay all wages during employment, and PAGA penalties. (Richman Decl., **Exh. A**, Complaint.) Also stemming from his claim for failure to pay minimum wages, Plaintiff alleges that Defendant is subject to liquidated damages pursuant to Cal. Lab. Code §§ 1194 and 1194.2.  (Richman Decl., **Exh. A**, Complaint, ¶ 35, Prayer for Relief.)

Moreover, Plaintiff alleges a cause of action for violation of the Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200, *et seq*. (Richman Decl., **Exh. A**, Complaint, ¶¶ 81-92.)  Alleging a UCL violation may extend the statute of limitations for Plaintiff's and the putative class's claims for unpaid minimum and overtime wages, meal periods, rest breaks, and failure to reimburse business expenses, from three years to four years before the filing of the Complaint. In this case, the statute of limitations would thus be extended to June 30, 2021 for these claims. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co*., 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

Based on a review of Defendant's business records, Defendant employed approximately 254 non-exempt employees working at its California locations from June 30, 2021, to approximately August 30, 2025. (Rabuck Decl., ¶ 6.)  The average hourly rate of these employees was approximately $20.26 (*Id*.) During the same time period and continuing to the present day, Defendant paid its hourly non-exempt employees on a weekly basis. (*Id*.)  During the same time period and continuing to the present day, Defendant paid its salaried non-exempt employees on a bi-weekly basis. (*Id*.) Based on the available employment records between June 30, 2021, through approximately August 30, 2025, Plaintiff has placed approximately 16,841 workweeks in controversy. (*Id*.)

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

11

Based on Defendant's business records, from June 30, 2022, through approximately August 30, 2025, approximately 97 putative class members ceased employment with Defendant. (Rabuck Decl., ¶ 7.) The average base hourly rate of these employees during this three-year time period was $20.57. (*Id*.)

Based on Defendant's business records, from June 30, 2024, to approximately August 30, 2025, Defendant employed approximately 154 non-exempt employees who worked at its California locations. (Rabuck Decl., ¶ 8.) Based on the available employment records between June 30, 2024, to the present, Plaintiff has placed approximately 7,318 pay periods in controversy. (*Id.*)

Plaintiff's allegations, combined with the conservative calculations set forth below, establish that the amount in controversy for (i) failure to pay minimum wage; (ii) liquidated damages for failure to pay minimum wages; (iii) failure to pay overtime wages; (iv) meal period violations; (v) rest break violations; (vi) inaccurate wage statements; (vii) untimely final wages and waiting time penalties; (viii) failure to reimburse business expenses; (ix) failure to pay all wages during employment; and (x) attorneys' fees is at least **$5,667,574.**

### a.    Amount In Controversy – Minimum Wage Claim

Plaintiff alleges that "at all relevant times herein mentioned, Defendants knowingly failed to pay Plaintiff and the Class compensation for all hours worked." (Richman Decl., **Exh. A**, Complaint, ¶ 30.) Specifically, Plaintiff alleges that "*several times per week*, Plaintiff was required to carry a walkie-talkie *at all times*" and "remain available for calls in case of any questions" (*emphasis* added). *Id*. As a result, Plaintiff claims that he worked through meal and rest breaks because was not free from control during said meal and rest breaks. *Id.* Plaintiff further alleges that "on multiple occasions," Plaintiff was sent home after only two hours, and he was not compensated for "on-call" time. *Id*.

When asserting claims for unpaid minimum wages under California Labor Code section 1194, employees may also recover liquidated damages "in an amount equal to the wages unlawfully unpaid and interest thereon." Cal. Labor Code § 1194.2. Plaintiff specifically seeks liquidated damages. (Richman Decl., **Exh. A**, Complaint, ¶ 35, Prayer

12

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

for Relief.)

Plaintiff's Complaint does not specifically allege how much time he or the putative class were not paid minimum wage for all hours worked. For purposes of establishing the amount in controversy at removal, Defendant need not make Plaintiff's case for him or prove the amount in controversy to a certainty. Rather, Defendant can rely on "reasonable assumptions" and a "chain of reasoning that includes assumptions" based on reasonable grounds to calculate the amount in controversy. *Anderson v. Starbucks Corp.*, 2020 WL 7779015, *8 (N.D. Cal. Dec. 31, 2020). *See also Herrera v. Carmax Auto Superstores California*, LLC, EDCV-14-776-MWF (VBKx), 2014 WL 12586254, at *6 (C.D. Cal. Jun. 12, 2014) ("Defendant cannot be expected to produce evidence of how often overtime violations may occur. Defendant must be entitled to monetize this claim with a reasonable and conservative estimate."); *Torrez v. Freedom Mortg. Corp.*, No. EDCV 17-867 JGB (KKx), 2017 WL 2713400, *3 (C.D. Cal. Jun. 22, 2017) (finding assumption rate of three hours of overtime per week was reasonable where defendant's assumptions were based on the allegations in the complaint that defendant "engaged in a pattern and practice of wage abuse"); and *Stanley v. Distribution Alts., Inc.*, No. EDCV 17-2173 AG (KKx), 2017 WL 6209822, at *2-3 (C.D. Cal. Dec. 6, 2017) (finding that pleading "pattern and practice" supports assumption of two hours of overtime per week when the complaint includes no additional indication of frequency).

There are 254 putative class members employed by Defendant between June 30, 2021, and approximately August 30, 2025, who collectively worked approximately 16,841 workweeks. (Rabuck Decl., ¶ 6.)  The average hourly rate of these employees was approximately $20.26 (*Id.*)

While Defendant denies Plaintiff's allegations that he or the putative class are entitled to any relief, based on Plaintiff's allegations, claims for unpaid minimum wage are nonetheless part of the amount in controversy for removal purposes. By their nature, "off the clock" claims cannot be supported by data analysis without estimates. Here, for purposes of removal, a relatively conservative estimate based on Plaintiff's vague

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

13

allegations in this regard is that Plaintiff and the putative class members incurred "off the clock work" in the amount of 30 minutes per week (approximately 1 non-compliant "controlled" and unpaid meal period per workweek based on a 5-day workweek) for the class period. Accordingly, the amount in controversy for the minimum wage claim could well exceed **$170,599** [16,841 workweeks x $20.26 per hour x 0.50 hours per workweek]. When Plaintiff's liquidated damages claim is taken into account, the amount in controversy associated with this claim doubles, for a total amount in controversy of at least **$341,198.**

### b.    Amount In Controversy – Overtime Wage Claim

Plaintiff alleges that he and the putative class "regularly worked more than eight hours in a workday and/or more than forty (40) hours in a workweek…" (Richman Decl., **Exh. A**, Complaint, ¶ 39.) Plaintiff further alleges that Defendant failed to pay Plaintiff and Class Members overtime wages for "*all* overtime hours worked" by, among other things, failing to pay overtime at the regular rate of pay, off-the-clock work, including time on-call, working through meal periods and rest breaks, and illegally and inaccurately recording time…" (*emphasis* added). (*Id*., ¶ 39.)

California Labor Code § 510 requires that employers pay nonexempt employees one-and-one-half times their regular rate for all hours worked over eight in a day or 40 in a week. Additionally, nonexempt employees must be paid one-and-one-half times their regular rate for the first eight hours worked on the seventh day worked in a single workweek. Employers must also pay double time for all hours worked over 12 in a day, and for all hours worked in excess of eight on the seventh consecutive day of work in a single workweek. Cal. Labor Code § 510(a).

There are 254 putative class members employed by Defendant between June 30, 2021, and approximately August 30, 2025, who collectively worked approximately 16,841 workweeks. (Rabuck Decl., ¶ 6.)   The average hourly rate of these employees was approximately $20.26 (*Id*.)

The Complaint does not specifically allege how much time Plaintiff or the other putative class members claim to have spent working overtime. Plaintiff does, however,

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

14

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

allege that he and the putative class "regularly" worked in excess of 8 hours per day and 40 hours per week. (Richman Decl., **Exh. A**, Complaint, ¶ 39.)

Defendant denies Plaintiff's allegations that he or the putative class are entitled to any relief. Based on Plaintiff's allegations, a conservative estimate of such vaguely stated claims would be 30 minutes of unpaid overtime per workweek (approximately 1 non-compliant "controlled" meal period per workweek based on a 5-day workweek). Accordingly, the amount in controversy for the overtime claim could well exceed **$255,899** [16,841 workweeks x $20.26 per hour x 1.5 premium x 0.50 hours per workweek]. *See Baker v. Propak Logistics, Inc.*, No. EDCV191241JGBSHKX, 2019 WL 4168998, at *3–5 (C.D. Cal. Sept. 3, 2019) (finding Defendant's assumption of two hours of overtime pre class member per week reasonable based on Plaintiff's allegations that class members "were required to work overtime hours without overtime compensation for all overtime hours worked."); *Mariscal v. Arizona Tile, LLC*, No. 820CV02071JLSKES, 2021 WL 1400892, at *4–5 (C.D. Cal. Apr. 14, 2021) ("Indeed, this Court has previously held that "an assumption of one hour of overtime per week is reasonable when a plaintiff alleges a pattern or practice of violation.")

### c. Amount In Controversy – Meal Period Violations

Plaintiff seeks payments for alleged missed meal periods. (Richman Decl., **Exh. A**, Complaint, ¶¶ 45-48.) Plaintiff alleges Defendant "regularly failed to provide Plaintiff and the Class timely full thirty-minute meal period for each five-hour period of work…" (*Id.* at ¶ 47.) Plaintiff alleges that he was not free from control during meal periods because the Defendant instructed Plaintiff to keep a walkie-talkie on him and to remain available for calls. *Id*. Plaintiff further alleges that he and the putative class are entitled to be paid one hour of additional wages for each workday they were not provided with all required meal periods. (*Id.* at 48.)

An employee denied meal periods may be entitled to an additional hour's wages per day for failure to provide meal periods and an additional hour's pay per day for failure to provide rest periods, at the regular rate of pay. *Ferra v. Loews Hollywood Hotel, LLC*, 11

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

---

15

Cal. 5th 858 (2021); *Lyon v. W.W. Grainger, Inc.*, 2010 WL 1753194, \*4 (N.D. Cal. Apr. 29, 2010) (noting that Labor Code section 226.7 provides recovery for one meal break violation per workday and one rest break violation per workday).

While Defendant denies the validity and merit of Plaintiff's missed meal period claim, for purposes of removal only, based on a preliminary review of the records, there are 254 putative class members employed by Defendant between June 30, 2021, and approximately August 30, 2025, who collectively worked approximately 16,841 workweeks. (Rabuck Decl., ¶ 6.)   The average hourly rate of these employees was approximately $20.26 (*Id.*)

Based on Plaintiff's vague language that Defendant "regularly" failed to provide compliant meal periods and that "several times per week" Plaintiff was not free from supervisory control because he was required to carry a walkie-talkie, a conservative estimate would be that putative class members did not receive, on average, three compliant meals period per workweek. Applying the average hourly base rate of pay the amount in controversy for the meal period claim would thus be at least **$1,048,857** [16,841 workweeks x 3.0 violation rate x $20.76 average hourly rate].

### d.    Amount In Controversy – Rest Break Violations

Plaintiff seeks payments for alleged missed rest breaks. (Richman Decl., **Exh. A**, Complaint, ¶¶ 49-53.) Plaintiff alleges that Defendant "failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than four hours in a day." Id. at 52. Plaintiff further alleges that "due to the necessity to carry a walkie-talkie, Plaintiff was not able to take compliant rest breaks." *Id.*

An employee denied rest breaks may be entitled to an additional hour's wages per day for failure to provide meal periods and an additional hour's pay per day for failure to provide rest periods at the regular rate of pay. *Ferra v. Loews Hollywood Hotel, LLC,* 11 Cal. 5th 858 (2021); *Lyon v. W.W. Grainger, Inc.*, 2010 WL 1753194,\*4 (N.D. Cal. Apr. 29, 2010) (noting that Labor Code section 226.7 provides recovery for one meal break violation per workday and one rest break violation per workday).

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

16

At this juncture, by claiming Defendant failed to authorize a single rest break, Plaintiff has placed every rest break of every putative class member during the putative class period is in controversy. Nonetheless, applying a conservative violation rate of three non-compliant rest breaks per workweek for the workweeks Plaintiff placed in controversy amounts to, at least, **$1,048,857** [16,841 workweeks x 3.0 violation rate x $20.76 average hourly rate]. *See Hull v. Mars Petcare US, Inc.,* No. ED CV-18-1021 PSG (KKx), 2018 WL 3583051, at *4-5 (C.D. Cal. Jul. 25, 2018) (finding reasonable assumption of three missed rest periods and meal periods per week).

### e.    Amount In Controversy – Inaccurate Wage Statements

Plaintiff alleges that Defendant "intentionally and willfully failed to provide employees with complete and accurate wage statements..." (Richman Decl., **Exh. A**, Complaint, ¶ 56.) Plaintiff further alleges that "(f)or example, Plaintiff's paystubs do not list the accurate rest/meal break premiums, and all wages for all hours worked, among other things." (*Id.*)

Cal. Lab. Code § 226(e) provides for a statutory penalty for violations of Cal. Lab. Code § 226(a)'s wage statement requirements of $50 or actual damages per employee for the initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. Cal. Lab. Code § 226(a). The statutory period for Labor Code § 226(e) penalties is one year. Cal. C.C.P. § 340.

For purposes of removal, based on a preliminary review of business records, approximately 154 non-exempt employees who worked in California since June 30, 2024 for 7,318 pay periods[1] (Rabuck Decl., ¶ 8.) Based on Plaintiff's allegations regarding in inaccurate wage statements, Plaintiff has placed all wage statements at issue during the relevant time period, for a total of **$493,850.**[2]

---

[1] 144 out of the 154 employees who worked in California since June 30, 2024, were paid weekly.

[2] Defendant calculated the wage statement penalties by calculating the total pay periods worked since June 30, 2024 and then multiplying the first pay period by $50 and the remaining pay period by $100 for each employee.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

### a.    Amount In Controversy – Waiting Time Penalties

Plaintiff contends that Defendant failed and continues to fail to timely pay final wages to Plaintiff and the putative class members upon separation of employment in violation of Labor Code sections 201-202. (Richman Decl., **Exh. A**, Complaint, ¶ 64.) Plaintiff invokes the statutory penalty provided by Labor Code section 203, seeking waiting time penalties of up to 30 days' pay for Plaintiff and putative class members who are no longer employed by Defendant. (*Id*., ¶ 67.)   The statute of limitations for Plaintiff's California Labor Code sectoin 203 waiting time penalty claim is three years. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1382, 1935 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages").

Defendant denies the validity and merit of Plaintiff's waiting time penalties claim. However, for purposes of removal, Defendant estimates that approximately 97 employees who worked in California and have separated from employment with Defendant between June 30, 2022, and approximately August 30, 2025. (Rabuck Decl., ¶ 7.) The average hourly rate of pay for these putative class members was $20.57. *Id*.

Although Defendant denies Plaintiff's allegations and purported claims for damages, if Plaintiff and the putative class members recover waiting time penalties for 30 days and 8 hours of wages per day, Plaintiff has thus placed approximately **$478,870** into controversy on account of the waiting time penalty claim [8 hours a day x 30 days x $20.57 hourly rate x 97 employees].

### a.    Amount In Controversy—Untimely Payment of Wages

Plaintiff alleges that Defendant willfully failed to pay Plaintiff and the putative class all wages due and, as a result, Plaintiff contends that Plaintiff and the putative class are entitled to recover statutory penalties pursuant to Cal. Lab. Code § 210. seeks monetary relief under Cal. Lab. Code § 204. (Richman Decl., **Exh. A**, Complaint, ¶¶ 74-75.) Accordingly, pursuant to Cal. Lab. Code § 204, Plaintiff purports to seek penalties in the

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

18

amount of $100 for the initial violation and $200 for each subsequent violation plus 25% of unpaid wages for failure to receive timely wages. *Id*. Labor Code section 210, a penalty provision, has a statutory period of one year. Cal. Code Civ. Proc. § 340.

Defendant denies the validity and merit of Plaintiff's untimely wage claim. For purposes of removal, based on a preliminary review of their records, Defendant employed 154 non-exempt employees who worked in California as of June 30, 2024. (Rabuck Decl., ¶ 8.)  Those employees worked 7,318 pay periods. (*Id.*)

Although Defendant denies Plaintiff's allegations, including any alleged damages, using a conservative assumption of the initial penalty amount of $100 only per pay period, an estimate of the amount in controversy related solely to untimely wages is **$731,800** [7,318 pay periods * $100 per pay period].

### b.    Amount In Controversy – Unreimbursed Business Expenses

Plaintiff alleges that he and the putative class "regularly paid out-of-pocket for necessary employment-related expenses, including, without limitation, use of personal cell phones."  (Richman Decl., **Exh. A**, Complaint, ¶ 15(h).)

Plaintiff's cause of action for violating the UCL extends the statute of limitations on Plaintiff's reimbursement cause of action to four years, back to June 30, 2021. *See* Cal. Bus & Prof. Code § 17208. There were 254 putative class members who collectively worked approximately 16,841 workweeks between June 30, 2021 to the present. (Rabuck Decl., ¶ 6.)

Plaintiff's allegations with regards to this claim are vague, and thus estimates must be used. Assuming that Plaintiff and the putative class incurred $8.00 in expenses per workweek (approximately $32 per month), then Plaintiff has placed at least $**134,728** in controversy [$8 per workweek x 16,841 workweeks] via this claim.

### c.    Amount In Controversy – Attorneys' Fees

Plaintiff seeks attorneys' fees and costs in his Complaint. (Richman Decl., **Exh. A**, Complaint, Prayer for Relief.)  It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d

19

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

976, 980 (9th Cir. 2005), *cert. denied*, 549 U.S. 822 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

In California, it is not uncommon for an attorneys' fee award to be 25 to 35 percent of a settlement or judgment. *See, e.g.*, *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1216-1218 (2008); *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 972 (E.D. Tex. 2000).

The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Espinosa v. Genesis Healthcare, Inc.*, No. 220CV00688JFWJEMX, 2020 WL 10641865, at *4–5 (C.D. Cal. Mar. 31, 2020) ("In the absence of countervailing evidence from Plaintiff, the preponderance of the evidence supports applying the 25% attorneys' fee benchmark for purposes of calculating the amount in controversy in this case.").

Based on Plaintiff's allegations, the amount in controversy for his claims totals at least **$4,534,059**. However, considering attorneys' fees at the benchmark percentage of 25 percent further increases the amount in controversy by $1,133,515, for a total amount in controversy of at least **$5,667,574**.

### d.    Amount In Controversy – Plaintiff's Claim For Injunctive Relief

The Complaint also seeks injunctive relief. (Richman Decl., **Exh. F**, FAC, Prayer for Relief.)  While Defendant has not yet quantified the costs of compliance with any injunction, this would further increase the amount in controversy. *In re Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2011), cert granted in part, 534 U.S. 1126, 123 S.Ct. 1063, 151 L.Ed.2d 966 (2002); cert. dismissed, 537 U.S. 1, 123 S.Ct. 584 (2002); *see also Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1161 (C.D. Cal. 2013)

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

(cost of complying with injunction may be aggregated for CAFA purposes).

**B.    CAFA SUMMARY[3]**

**1.    The CAFA Jurisdictional Requirement Is Met**

Removal of this action is proper as the alleged class is comprised of at least 100 individuals, the parties are diverse, and the aggregate value of Plaintiff's class causes of action, plus attorneys' fees, are well in excess of the jurisdictional requirement of $5 million.  *See* 28 U.S.C. § 1332(d)(2).

| Plaintiff's Alleged Claim | Amount in Controversy Estimate |
|---|---|
| Minimum Wage & Liquidated Damages | $341,198 |
| Unpaid Overtime | $255,899 |
| Meal Break Premiums | $1,048,857 |
| Rest Break Premiums | $1,048,857 |
| Waiting Time Penalties | $478,870 |
| Inaccurate Wage Statements | $493,850 |
| Unreimbursed Business Expenses | $134,728 |
| Untimely Payment of Wages | $731,800 |
| Attorneys' Fees | $1,133,515 |
| **Amount in Controversy** | **$5,667,574** |

Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA.

---

[3] Defendant provides the foregoing calculations only to demonstrate that the amount placed in controversy by Plaintiff's Complaint easily exceeds the amount in controversy requirement of the CAFA. Defendant makes no admission of any liability or damages with respect to any aspect of this case, nor does it endorse or concede that the proffered methodology for such calculations for purposes of demonstrating that the jurisdiction minimum is met could be used in lieu of individualized inquiries or otherwise.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

21

### 2.    Supplemental Jurisdiction of the PAGA Claim

Plaintiff's Ninth Cause of Action is for violation of the Private Attorneys General Act ("PAGA"). (Richman Decl., **Exh. A**, Complaint, ¶¶ 93-99.)

A federal court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Federal courts routinely exercise supplemental jurisdiction over PAGA claims where class claims are removed based on jurisdiction under CAFA. *See, e.g., Wellons v. PNS Stores*, 2019 WL 2099922 at *7 (S.D. Cal. May 14, 2019) (denying a motion to remand a PAGA claim after finding defendant established CAFA jurisdiction over class claims on the grounds that the PAGA claims "are based on the same factual and legal theories" as the class claims); *Thompson v. Target Corp.*, 2016 WL 4119937 at *12 (C.D. Cal. Aug. 2, 2016) (supplemental jurisdiction over PAGA claim proper when Plaintiff's PAGA and class claims concern the "same misconduct by Defendant.").

The Court should exercise supplemental jurisdiction over Plaintiff's PAGA claim here as well because the allegations asserted in support of Plaintiff's Ninth Cause of Action for PAGA violations constitute the same alleged "misconduct" by Defendant and are based on the same factual and legal theories. (Richman Decl., ¶ **Exh. A**, Complaint, ¶ 98.) All of his allegations are based on the same facts and theories alleged to support Plaintiff's individual and class claims. *Id.* at ¶ 93. (incorporating all facts alleged in causes of action numbers 1 through 9 and not alleging independent facts and theories to separately support a PAGA claim).

Accordingly, the Court has supplemental jurisdiction over the ninth cause of action brought pursuant to PAGA as it is based on the same factual and legal theories as the class claims. *Wellons*, 2019 WL 2099922 at *7.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## II.   CONCLUSION

For the reasons provided herein, Defendant hereby removes this action from the California Superior Court, in and for the County of Riverside, to the United States District Court, Central District of California. Defendant requests that this Court retain jurisdiction for all further proceedings.

Dated:  October 16, 2025                    LITTLER MENDELSON, P.C.


                                            /s/ Samuel A. Richman
                                            Jyoti Mittal
                                            Samuel A. Richman

                                            Attorneys For Defendant
                                            SHIPBOB, INC.

4923-4570-2252.3 / 113454.1035

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT