_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02755-FWS-PD                     Date: February 2, 2026
Title: Anthony Flores v. LGS Staffing LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

<u>Rolls Royce Paschal</u>                                     <u>N/A</u>
Deputy Clerk                                                 Court Reporter

Attorneys Present for Plaintiff:                Attorneys Present for Defendants:

Not Present                                                  Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [15]**

Before the court is Plaintiff Anthony Flores' Motion to Remand.  (Dkt. 15-1 ("Motion" or "Mot.").)  Defendant Shipbob, Inc. ("Defendant") opposes the Motion.  (Dkt. 21 ("Opp.").)  Plaintiff Anthony Flores ("Plaintiff") filed a reply in support of the Motion.  (Dkt. 23.)  The court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Accordingly, the in-person hearing scheduled on March 5, 2026, (*see* Dkt. 32), is **VACATED** and **OFF CALENDAR**.  Based on the state of the record, as applied to the applicable law, the Motion is **DENIED**.

## I.     Background and Request for Judicial Notice

Plaintiff brings this action against Defendant, LGS Staffing LLC, and Jobandtalent Hirings LLC (collectively, "Defendants") for California Labor Code violations and unfair business practices.  (Dkt. 1-3 ("Complaint" or "Compl.") ¶ 12.)  Plaintiff alleges that his experience working for Defendants was typical and illustrative of the class he seeks to represent.  (*Id.*)  Defendants allegedly "maintained a systematic, company-wide policy and practice" of California Labor Code violations.  (*Id.* ¶ 15.)  Plaintiff alleges claims against Defendants for: (1) failure to pay minimum and straight time wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to authorize and permit rest periods;

_____

**CIVIL MINUTES – GENERAL**                                                1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02755-FWS-PD                    Date: February 2, 2026
Title: Anthony Flores v. LGS Staffing LLC *et al.*

(5) failure to provide and maintain accurate and compliant wage statements; (6) failure to timely pay final wages to Plaintiff at separation; (7) failure to timely pay wages during employment; (8) failure to indemnify employees for expenditures; (9) unfair business practices; and (10) civil penalties pursuant to the Private Attorneys General Act of 2004.  (*Id.* ¶¶ 28-99.)

Plaintiff requests the court take judicial notice of various judicial decisions on motions to remand and complaints.  (Dkt. 15-3.)  The court does not rely on or require these exhibits to decide the Motion and therefore **DENIES AS MOOT** Plaintiff's request for judicial notice. *See, e.g.*, *Barrett v. Saint-Gobain Glass Corp.*, 2024 WL 4828715, at *4 n.2 (C.D. Cal. Nov. 18, 2024) (denying as moot requests for judicial notice to decide motion to remand where the court does not rely on or require the exhibits).

## II.   Legal Standard

"To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)).  The Class Action Fairness Act ("CAFA") generally permits a federal district court to exercise subject matter jurisdiction over a putative class action in which: (1) the amount in controversy exceeds $5,000,000.00; (2) the number of members of all purported classes of plaintiffs totals 100 or more persons; and (3) any member of a proposed class of plaintiffs differs in citizenship from any defendant.  28 U.S.C. § 1332(d); *Dart Cherokee*, 574 U.S. at 84-85.  "[N]o antiremoval presumption attends cases invoking CAFA." *Dart Cherokee*, 574 U.S. at 89.

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citation modified). In the absence of an amount in controversy alleged in a complaint, "a defendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the court.'"  *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022) (quoting *Dart Cherokee*, 574 U.S. at 87).  "When a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02755-FWS-PD                                     Date: February 2, 2026
Title: Anthony Flores v. LGS Staffing LLC *et al.*

decides, by a preponderance of the evidence, whether the amount-in controversy requirement has been satisfied.'" *Id.* (quoting *Dart Cherokee*, 574 U.S. at 88). "[T]he removing party must be able to rely 'on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million,' as long as the reasoning and underlying assumptions are reasonable." *Id*. at 993 (quoting *LaCross v. Knight Transp. Inc*., 775 F.3d 1200, 1201 (9th Cir. 2015)). Assumptions must have "some reasonable ground underlying them," and "may be reasonable if [they are] founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (citation modified).

In summary, the Ninth Circuit has set forth "three principles that apply in CAFA removal cases." *Id*. at 922. "First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements." *Id*. (quoting *Ibarra*, 775 F.3d at 1197). "Second, when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Id*. (citing *Ibarra*, 775 F.3d at 1197-99). "Third, when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Id*. (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)).

After a removing defendant alleges the amount in controversy requirement is met, "the plaintiff can contest the amount in controversy by making either a 'facial' or a 'factual' attack on the defendant's jurisdictional allegations." *Harris v. KM Indus*., *Inc*., 980 F.3d 694, 699 (9th Cir. 2020) (citing *Salter v. Quality Carriers*, *Inc*., 974 F.3d 959, 964 (9th Cir. 2020)). "A 'facial' attack accepts the truth of the [defendant's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Salter*, 974 F.3d at 964 (quoting *Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014)). In evaluating a facial attack, "the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, 'determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.'" *Id.* (quoting *Leite*, 749 F.3d at 1121); *see also Leite*, 749 F.3d at 1121 ("The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02755-FWS-PD                              Date: February 2, 2026
Title: Anthony Flores v. LGS Staffing LLC *et al.*

invoke the court's jurisdiction.").  By contrast, "[a] factual attack 'contests the truth of the . . . allegations' themselves."  *Harris*, 980 F.3d at 699 (alteration in original).  "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold."  *Id*.  "Both parties may submit evidence supporting the amount in controversy before the district court rules."  *Id.* (citations omitted).

## III.   Analysis

The parties dispute whether the court can exercise subject matter jurisdiction under CAFA.  More specifically, the parties dispute whether Defendant adequately demonstrates the amount in controversy exceeds $5,000,000.00.  (*See* Mot. at 9; Opp. at 7 n.1.)  The court begins the evaluation of the amount in controversy with (1) the Notice of Removal, (Dkt. 1 ("Notice of Removal" or "NOR")), and then considers (2) whether the Notice of Removal adequately demonstrates the amount in controversy exceeds $5,000,000.00.

### A.      Notice of Removal

In the Notice of Removal, Defendant relied on the Complaint and the declaration of Richard Rabuck ("Rabuck"), Defendant's Director of People Operations.  (NOR; Dkt. 1-1 (Declaration of Richard Rabuck, "Rabuck Decl.").)  Rabuck has access to, and is authorized to review, current and historical employment data through the electronic payroll and human resources system used by Defendant.  (Rabuck Decl. ¶ 4.)  These systems track employment information regarding Defendant's current and former non-exempt employees in California. (*Id.*)  At Rabuck's direction, Defendant identified the headcount of all current and former employees working in non-exempt positions in California between June 30, 2021, and approximately August 30, 2025.  (*Id.* ¶ 5.)  Based upon Rabuck's review of Defendant's records with regards to non-exempt employees who were employed to work in California between June 30, 2021, and approximately August 30, 2025, Rabuck determined the following: (1) Defendant employed 254 non-exempt employees; (2) those employees worked approximately 16,841 workweeks; (3) the average hourly base rate was $20.26; (4) Defendant pays its hourly non-employees on a weekly basis; (5) Defendant pays its salaried non-exempt employees on a bi-weekly basis; (6) 97 non-exempt employees who worked in California ended their

_____

**CIVIL MINUTES – GENERAL**                                                                 **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02755-FWS-PD                                      Date: February 2, 2026
Title: Anthony Flores v. LGS Staffing LLC *et al.*

employment with Defendant; (7) the average hourly base rate for non-exempt employees who worked in California and who also ended their employment with Defendant was $20.57; and (8) Defendant employed 154 non-exempt employees who worked for Defendant in California, and these employees worked approximately 7,318 pay periods.  (*Id.* ¶¶ 6-8.)  Defendant then used Rabuck's determinations to calculate the amount in controversy as follows:

- Unpaid Minimum Wages: Defendant estimates that each class member earned an average hourly wage of $20.26 and incurred 30 minutes of unpaid minimum wage per week, for a total of $170,599.00 in unpaid minimum wages ($20.26 x 16,841 workweeks x 0.5 hours).  (NOR at 14-15.)  Plaintiff alleges entitlement to "liquidated damages (double damages) for Defendants' failure to pay minimum wages."  (Compl. ¶ 35.)  When adding Plaintiff's claim for liquidated damages, Defendant estimates that the total unpaid minimum wages doubles to **$341,198.00**. (NOR at 15.)

- Unpaid Overtime Wages: Defendant estimates that each class member incurred 30 minutes of unpaid overtime per week and earned an average hourly wage of $20.26, for a total of **$255,899.00** in unpaid overtime wages ($20.26 x 1.5 premium x 16,841 workweeks x 0.5 hours).  (*Id.* at 16.)

- Failure to Provide Meal Periods: Defendant states that employees who are not provided a meal period are entitled to one hour of premium pay for each day a meal period was not provided under California Labor Code Section 226.7.  (*Id.* at 16.)  Defendant estimates that each class member did not receive, on average, three compliant meal periods per week and earned an average hourly wage of $20.26, for a total of **$1,023,595.98[1]** in premium pay stemming from missed meal periods ($20.26 x 16,841 workweeks x 3 violation rate).  (*Id.* at 17.)

---

[1] The court notes that Defendant's calculation used an average hourly wage of $20.76 despite estimating an average hourly wage of $20.26.  (NOR at 17.)  It appears that Defendant mistakenly used $20.76 because the $20.26 estimate is mentioned in the Notice of Removal and Rabuck's declaration.  (*See* NOR at 17; Rabuck Decl. ¶ 6.)  Accordingly, the court will use

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02755-FWS-PD                               Date: February 2, 2026
Title: Anthony Flores v. LGS Staffing LLC *et al.*

- Failure to Provide Rest Periods: Defendant states that employees who are not provided a rest period are entitled to one hour of premium pay for each day a rest period was not provided under California Labor Code Section 226.7.  (*Id.* at 17.)  Defendant estimates that each class member did not receive, on average, three compliant rest periods per week and earned an average hourly wage of $20.26, for a total of **$1,023,595.98** in premium pay stemming from missed rest periods ($20.26 x 16,841 workweeks x 3 violation rate).  (*Id.* at 18.)

- California Labor Code Section 226 Wage Statement Penalties: Defendant reasons that California Labor Code Section 226(a) imposes a $50.00 penalty for failure to provide accurate itemized wage statements for an initial violation and $100.00 for each subsequent violation in a pay period, with aggregate penalties not to exceed $4,000.00 per employee.  (*Id.* at 18.)  Defendant states that "approximately 154 non-exempt employees [] worked in California since June 30, 2024[,] for 7,318 pay periods."  (*Id.*)  Defendant calculated the wage statement penalties for a total of **$493,850.00** by "calculating the total pay periods worked since June 30, 2024[,] and then multiplying the first pay period by $50.00 and the remaining pay period by $100.00 for each employee."  (*Id.* n.2.)

- California Labor Code Section 203 Waiting Time Penalties: Defendant states that California Labor Code Section 203 imposes a penalty of up to thirty days of wages for an employer who fails to pay the wages of an employee who is discharged or quits.  (*Id.* at 19.)  Defendant estimates 97 employees "worked in California and have separated from employment with Defendant" during the class period.  (*Id.*)  Defendant further estimates that each employee earned an average hourly wage of $20.57 and worked an average shift length of 8 hours.  (*Id.* at 19.)  Thus, Defendant estimates total waiting time penalties of **$478,870.00** ($20.57 x 8 hours x 30 days x 97 employees).  (*Id.* at 19.)

_____

$20.26 as the average hourly rate which will decrease Defendant's total amount in controversy calculation.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02755-FWS-PD                          Date: February 2, 2026
Title: Anthony Flores v. LGS Staffing LLC *et al.*

- <u>California Labor Code Section 210 Failure to Make Payments Penalties</u>: Defendant states that California Labor Code Section 210 imposes a penalty of $100.00 for the initial violation and $200.00 for each subsequent violation plus 25% of unpaid wages. (*Id.* at 19-20.)  Defendant estimates that the 154 employees worked 7,318 pay periods. (*Id.* at 20.)  Defendant estimates a total of **$731,800.00** in failure to make payments penalties, using only the initial violation amount (7,318 pay periods x $100.00 per pay period).  (*Id.*)

- <u>Expense Reimbursement</u>: Based on the Complaint's allegations that Plaintiff and the class members "regularly paid out-of-pocket for necessary employment-related expenses, including . . use of personal cell phones," Defendant estimates that Plaintiff incurred $8.00 of unreimbursed business expenses per week and that the class members collectively worked for 16,841 workweeks. (*Id.*)  Thus, Defendant estimates a total of **$134,728.00** in expense reimbursements ($8.00 x 16,841 weeks). (*Id.*)

- <u>Attorney's Fees</u>: Defendant estimates that Plaintiff and the class members may be entitled to 25% of the aggregate damages awarded in attorney's fees, for a total of **$1,120,884.24** in attorney's fees ($4,483,536.96 in aggregate damages x 0.25). (*Id.* at 21.)

In sum, Defendant's total amount in controversy is $**5,604,421.20**, which does not include "costs of compliance with any injunction" that Defendant asserts "would further increase the amount in controversy." (*Id.*)

**B.     Whether the Notice of Removal Adequately Demonstrates the Amount in Controversy Exceeds $5,000,000.00**

Plaintiff moves to remand this case, arguing that Defendant has not adequately demonstrated the amount in controversy exceeds $5,000,000.00. (Mot. at 15-22.)  Defendant responds that Defendant has adequately demonstrated the amount in controversy exceeds $5,000,000.00, using reasonable assumptions tethered to the Complaint's allegations. (Opp. at 10-23.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02755-FWS-PD                    Date: February 2, 2026
Title: Anthony Flores v. LGS Staffing LLC *et al.*

"In most wage and hour class actions, CAFA amount-in-controversy estimates are premised on three variables: (1) the total number of possible violations; (2) the frequency at which violations might have occurred; and (3) the potential cost associated with each hypothetical violation." *Salatino v. Am. Airlines, Inc.*, 719 F. Supp. 3d 1094, 1100 (S.D. Cal. 2024). In this case, Plaintiff principally disputes the second variable. (*See* Mot. at 9.)

"The second variable is often called the violation rate, which is the frequency at which violations might reasonably have occurred. In wage and hour suits, a violation rate generally represents the percentage of shifts in which putative class members hypothetically experienced a violation." *Salatino*, 719 F. Supp. 3d at 1100; *see also Holcomb v. Weiser Sec. Servs., Inc.*, 424 F. Supp. 3d 840, 845 n.2 (C.D. Cal. 2019) ("A 100% violation rate calculation assumes violations occurring in every identified shift for each class member."). "[A] defendant is not 'required to comb through its records to identify and calculate the exact frequency of violations.'" *Serrieh v. Jill Acquisition LLC*, 707 F. Supp. 3d 968, 974-75 (E.D. Cal. 2023) (quoting *Lopez v. Aerotek, Inc.*, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015)). Indeed, "it makes little sense to require a CAFA defendant to introduce evidence of the violation rate— really, the *alleged* violation rate—because the defendant likely believes that the real rate is zero and thus that the evidence does not exist. For that reason, a CAFA defendant can most readily ascertain the violation rate by looking at the plaintiff's complaint." *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025). Considering these principles, the court finds Defendant's assumptions regarding the various violation rates at issue are reasonable because of the Complaint's allegations, as discussed below, and Plaintiff's failure to sufficiently allege limiting language.[2] *See id.* at 810 ("And if Perez believed that some other assumption would have been *more* reasonable, she was free to propose that rate. (She was also free to use some more specific phrase than 'at times' when drafting the complaint; had she done so, she could have constrained the range of assumptions that Rose Hills could reasonably adopt.)").

---

[2] The court need not reach whether Defendant's expense reimbursement assumptions are reasonable because Defendant's other calculations adequately demonstrate the amount in controversy exceeds $5,000,000.00.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02755-FWS-PD                              Date: February 2, 2026
Title: Anthony Flores v. LGS Staffing LLC *et al.*

First, the court finds Defendant's assumption that each class member incurred 30 minutes of unpaid minimum wages and unpaid overtime per week reasonable.  Plaintiff alleges that, at all relevant times, Defendants "failed to pay Plaintiff and the [c]lass members compensation for all hours they worked."  (Compl. ¶ 30.)  Plaintiff also alleges that "Defendants failed to compensate Plaintiff for all overtime hours worked."  (*Id.* ¶ 39.)  Plaintiff further alleges that, at all relevant times, Plaintiff and the class members "regularly worked more than eight hours in a workday and/or more than forty (40) hours in a workweek."  (*Id.*)  Additionally, Plaintiff alleges that "Plaintiff was not free from supervisory control during meal and rest breaks" and therefore had to work through them.  (*Id.* ¶ 30.)  Plaintiff alleges that, "several times per week, Plaintiff was required to carry a walkie-talkie at all times" and "remain available for calls in case of any questions."  (*Id.* ¶¶ 15(a)(1), 15(b)(2).)  And finally, Plaintiff seeks "liquidated damages (double damages) for Defendants' failure to pay minimum wages."  (*Id.* ¶ 35.)  The court finds Defendant's assumptions here reasonable because Plaintiff alleges that he regularly worked over eight hours in a workday, he was not free from supervisory control several times per week, and he had to always carry a walkie-talkie and remain on call.  *See, e.g., Baker v. Propak Logistics, Inc.*, 2019 WL 4168998, at *5 (C.D. Cal. Sept. 3, 2019) (finding assumption of two uncompensated hours of overtime per week reasonable where plaintiff alleges that class members were required to work overtime hours without overtime compensation for all overtime hours worked).

Second, the court finds Defendant's assumption that each class member did not receive, on average, three compliant meal and rest periods per week reasonable.  Plaintiff alleges that "Defendants regularly failed to provide Plaintiff and the [c]lass [members] timely full thirty-minute meal period[s]."  (Compl. ¶ 47.)  Plaintiff similarly alleges that Defendant "failed to authorize Plaintiff and the [c]lass [members] to take rest breaks, regardless of whether employees worked more than four hours in a workday."  (*Id.* ¶ 52.)  Plaintiff further alleges that he had to work through his meal and rest breaks because he had to always carry a walkie-talkie and remain available for calls.  (*Id.* ¶ 15(a).)  The court finds Defendant's assumptions here reasonable because Plaintiff alleges that Defendant regularly failed to provide compliant meal periods, he could not take rest breaks, and several times per week, Plaintiff had to always carry a walkie-talkie and remain on call and therefore could not take meal and rest breaks.  *See, e.g., Hull v. Mars Petcare US, Inc.*, 2018 WL 3583051, at *3, 4-5 (C.D. Cal. July 25, 2018) (finding assumption of three missed rest periods and meal periods reasonable where plaintiff alleges

_____

**CIVIL MINUTES – GENERAL**                                                                    **9**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02755-FWS-PD                                  Date: February 2, 2026
Title: Anthony Flores v. LGS Staffing LLC *et al.*

violations based on policy of requiring plaintiff to "carry a radio *at all times* in order to respond to calls from supervisors and management"); *Mendoza v. OSI Indus., LLC*, 2022 WL 4291327, at *5 (C.D. Cal. Sept. 16, 2022) (finding a 100% violation rate reasonable where the plaintiffs alleged a "policy and practice" of denying meal breaks).

Third, the court finds Defendant's assumptions in calculating wage statement penalties reasonable.  Plaintiff alleges that Defendant "intentionally and willfully failed to provide employees with complete and accurate wage statements."  (Compl. ¶ 56.)  Plaintiff alleges, "[f]or example, Plaintiff's paystubs do not list the accurate rest/meal break premiums, and all wages for all hours worked."  (*Id.*)  Because Plaintiff alleges multiple wage and hour violations that are not reflected in his wage statements, the court finds that Defendant's assumptions here reasonable.[3]  *See, e.g.*, *Velasco v. HSS California, Inc.*, 2024 WL 4216485, at *6 (N.D. Cal. Sept. 16, 2024) ("The allegations support an assumption of at least one meal-break and one rest-break violation each week.  This means that every wage statement issued to the class was defective.").

Fourth, the court finds Defendant's assumptions in calculating waiting time penalties reasonable.  Plaintiff alleges that Defendant failed to timely pay wages upon separation from employment, (Compl. ¶ 64), and seeks up to the thirty days maximum in penalties, (*id.* ¶ 67).  The court finds Defendant's assumption that 97 former employees are owed 30 days of waiting time penalties reasonable because Plaintiff is seeking to recover the maximum penalties and this claim is derivative of underlying wage and hour claims, where it is "reasonable to assume each separated employee would have experienced at least one instance of unpaid wages persisting through termination, thereby triggering [S]ection 203 penalties."  *Rodriguez v. Gen. Dynamics Info. Tech., Inc.*, 2025 WL 3078706, at *6 (S.D. Cal. Nov. 4, 2025); *see also, e.g.*, *Avila v. Rue21, Inc.*, 432 F. Supp. 3d 1175, 1188 (E.D. Cal. 2020) ("Because [p]laintiff is asking for a maximum statutory penalty of 30 days, [d]efendant need not produce evidence, and it is

_____

[3] The court notes that Defendant does not explain the exact calculations for Defendant's estimate on wage statement penalties.  Nonetheless, using a conservative $50.00 penalty for each pay period violation would still lead to a total amount in controversy exceeding $5,000,000.00, in conjunction with other alleged violations.

_____

**CIVIL MINUTES – GENERAL**                                                                 **10**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02755-FWS-PD                    Date: February 2, 2026
Title: Anthony Flores v. LGS Staffing LLC *et al.*

reasonable to assume based on the [first amended complaint] that [p]laintiff could obtain statutory penalty of maximum 30 days."); *Serrieh*, 707 F. Supp. 3d at 976-77 (collecting cases).

Fifth, the court finds Defendant's assumptions in calculating failures to make payments reasonable. California Labor Code Section 210 provides that "every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld." Cal. Lab. Code § 210(a). Defendant assumes an initial violation for each pay period, and Defendant argues that the assumption is properly tied to the Complaint's allegations because this violation is derivative of underlying wage and hour violations. (Opp. at 22.) The court finds Defendant's assumption reasonable because each employee need only experience one violation to recover for an initial violation.[4] *See, e.g.*, *Leander v. Accent Controls, Inc.*, 2025 WL 301294, at *7 (S.D. Cal. Jan. 27, 2025) (finding defendant's assumption that plaintiff is entitled to maximum penalties for all pay periods she was employed reasonable where the court already assumed defendant committed one meal break premium and one rest break premium violation per week).

Sixth, the court finds Defendant's assumption in calculating attorney's fees reasonable. "[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias*, 936 F.3d at 922 (citing *Fritsch*, 899 F.3d at 794). Here, Plaintiff seeks attorney's fees under California Labor Code Section 1194(a). (Compl., Prayer for Relief.) The court finds it was reasonable for Defendant to include an estimate of 25% attorney's fees when calculating the amount in controversy. *See Serrieh*, 707 F. Supp. 3d at 979 ("The benchmark for class action attorneys' fees in the Ninth Circuit is 25%, 'with 20-30% as the usual range.'" (quoting *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002))).

_____

[4] Defendant's assumption is likely conservative because Defendant does not include calculations for subsequent violations.

_____

**CIVIL MINUTES – GENERAL**                                        **11**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-02755-FWS-PD                    Date: February 2, 2026
Title: Anthony Flores v. LGS Staffing LLC *et al.*

In summary, the court finds Defendant's assumptions regarding the violation rates reasonable because of the Complaint's allegations and Plaintiff's failure to sufficiently allege limiting language that would render Defendant's assumptions unreasonable. "[B]ecause [D]efendant[] relied on a reasonable chain of logic and presented sufficient evidence to establish that the amount in controversy exceeds $5 million, [Defendant has] met [its] burden of proof." *LaCross*, 775 F.3d at 1201. Therefore, the Motion is **DENIED**.

## IV.   Disposition

For the reasons stated above, the court **DENIES** the Motion.

_____